UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:07CV20-J

JOY WIMSATT                                                                                         PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                           DEFENDANT

## MEMORANDUM OPINION

Before the Court is plaintiff Joy Wimsatt's challenge to the decision of the defendant Commissioner denying her claim for disability insurance benefits. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be vacated and the matter should be remanded for further administrative proceedings.

Plaintiff filed the present application for disability insurance benefits on February 26, 2002 alleging that she became disabled on January 1, 2000, at age 39 from severe migraines, shoulder/neck pain, anxiety, depression, diverticulitis, and ulcers (Tr. 129). Her employment history includes work as a sales clerk, packer at a cookie company, school bus driver, assembler at a ladder company, and order clerk (Tr. 130, 142). Claimant has a ninth-grade education and a GED. After a March 3, 2003 hearing at which both claimant and a vocational expert testified, ALJ Lawrence Shearer found that plaintiff was able to perform light work. On appeal, the Appeals Council remanded the case for further consideration. After a new hearing at which both claimant and a vocational expert offered testimony, ALJ John Lawrence found that plaintiff suffers from severe impairments of status post arthroscopy of the left shoulder; fibromyalgia; migraines; adjustment disorder with anxiety and depression; and somatoform disorder (Tr. 21). Nonetheless, ALJ Lawrence found claimant remains

capable of performing some medium level work. Of note, ALJ Lawrence adopted and incorporated by reference the prior ALJ's discussion of the medical evidence, and only discussed the new evidence in the current decision. As the prior ALJ had rejected the disabling opinions and physical limitations of treating physician Dr. Peters, the second decision also dismisses them.

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner, 42 U.S.C. §405(g); Elam ex. Rel. Golay, v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary of HHS, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even thought the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

Plaintiff contends that the ALJs committed legal error by discounting the disabling opinions of her treating physician, Dr. Peters, a pain management specialist. ALJ Shearer's findings in the first decision (which were later adopted by ALJ Lawrence) regarding Dr. Peters' disabling medical

opinions were cursory, and indicate only that "The undersigned rejects the opinions of Dr. Peters as being inconsistent with the objective medical evidence." At the heart of this issue is the treating physician rule, which applies when a "treating source" renders a "medical opinion" that is both well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, Social Security Ruling 96-2p; 20 C.F.R. §404.1527(d)(2); Bogle v. Sullivan, 998 F.2d 342, 347-348 (6th Cir. 1993). Notably, all of the above factors must be satisfied in order for the treating source's opinion to be entitled to controlling weight, Social Security Ruling 96-2p.

In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. §404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. An ALJ can give less weight to the opinion if it is not supported by detailed clinical and diagnostic test evidence, Walters v. Commissioner, 127 F.2d 525 (6th Cir. 1997); Jones v. Secretary, 945 F.2d 1365, 1370 (6th Cir. 1991). "In all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for controlling weight, Rogers v. Commissioner, 486 F.3d 234, 243 (6th Cir. 2007).

Plaintiff's treating physician Dr. Lawrence Peters treats the claimant for her migraine headaches and other pain complaints. He has provided two Physical Capacities Evaluation forms in which he identifies the claimant's symptoms and resulting limitations. He notes that her complaints would interfere with her attention and concentration, and notes moderate and marked limitations in claimant's ability to tolerate stress in the work arena. The March 13, 2003 form also notes that medication side effects would affect her ability to work. On the March 13, 2003 form, he limits her

standing/walking to about 2 hours, and sitting to about 4 hours. She would be limited to carrying 5 pounds or less occasionally, and never carrying 10 pounds or more. She would likely be absent about three times per month due to her condition.

The ALJs declined to accept the disabling findings of Dr. Peters, noting only that they are inconsistent with the objective evidence. The ALJ's reason for rejecting the treating-physician opinion does not meet the agency's self-imposed procedural requirements. "[A] finding that a treating source medical opinion . . . is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected," SSR 96-2p. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. §404.1527, Id. The regulations thus required the ALJ to consider the nature and extent of the claimant's treatment relationship with Dr. Peters, including the kinds and extent of examinations and testing performed or ordered from specialists and independent laboratories. Nothing in the ALJ's opinion indicates that he accounted for the "nature and extent" of Dr. Peters' treating relationship. Absent a "sufficiently specific" explanation on this point, we cannot engage in meaningful review of the "reasons for [the] weight" that the ALJ gave to Dr. Peters' opinion, Id.

In addition, at the time of the decisions in this case, the ALJs did not have the benefit of the recent Sixth Circuit case of Rogers v. Commissioner of Social Security, 486 F.3d 234, (6th Cir. 2007), which discusses the elevated importance of the treating physician's opinion in cases of fibromyalgia. In that case, like this one, the ALJ relied on opinions of non-treating physicians; in that case, like this one, the ALJ minimized the significance of the opinion of the physician who treated the plaintiff for fibromyalgia. In those circumstances, the Sixth Circuit held that the ALJ had failed to accord to the treating physician's opinion the proper weight and that substantial evidence could not be said to

support the decision. The court observed that, "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for controlling weight.

Because of the special circumstances presented by a fibromyalgia diagnosis, the ALJ must be especially careful to apply the proper tests and procedures in weighing treating source opinion and in weighing the claimant's credibility. In light of the holding in <u>Rogers</u>, the Court is unable to say that this occurred in the present case. Consequently, remand is necessary for application of the appropriate standards.