UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:07CV20-J

JOY WIMSATT                      PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                   DEFENDANT

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for award of attorney fees pursuant to 28 U.S.C.A. Sec. 2412 (d)(1)(A) ("EAJA") which provides for award of fees to a prevailing Social Security claimant "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." The Secretary contends that the EAJA is inapplicable because his position was substantially justified under the definition provided in Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir. 1991) ("justified to a degree that could satisfy a reasonable person").

This matter was remanded for further proceedings so that the Commissioner could reconsider the opinion of plaintiff's treating physician in light of existing regulations *and* in light of recent authority from the United States Court of Appeals for the Sixth Circuit emphasizing that "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for *controlling* weight. Rogers v. Commissioner of Social Security, 486 F.3d 234, 242 (6th Cir. 2007). Rogers was not available to the Commissioner at the time of the original decision; thus, the United States argues that its position was, therefore, substantially justified, notwithstanding the subsequent vacation and remand.

1

Plaintiff argues that Rogers was not the sole reason for the remand, and that the Commissioner's position was not substantially justified under then-existing self-imposed rules. As noted in the memorandum opinion in this case, SSR96-2p states that the opinion of a treating medical source found to be inconsistent with other substantial evidence can not simply be rejected completely, even it is not entitled to "controlling weight."

The Court notes that Rogers was a significant addition to social security law. It was, in fact, a case that was so "non-obvious" that it took a full decade to work its way through the legal system. The primary reason for the remand in this case was to provide the Commissioner with the opportunity to apply Rogers' teachings. The Court need not decide whether remand would have been ordered in the absence of Rogers, because "substantial justification" is not judged by the ultimate outcome, but by the simply question of whether the ALJ's failure to adopt the treating physician's opinion was "justified to a degree that could satisfy a reasonable person." Willis, supra. The Court concludes that EAJA fees are unavailable because the Commissioner's position was substantially justified.

Accordingly,

IT IS ORDERED that plaintiff's motion for fees pursuant to 28 U.S.C. Sec. 2412 is denied.